Kevin M. McArdle, Esq. Informal Opinion County Attorney No. 96-13 County of Lewis P. O. Box 128 Lowville, N Y 13367-0128
Dear Mr. McArdle:
You have asked whether the Lewis County Community Services Board may appoint the local mental hygiene director to a term of office and have inquired as to the procedure for such an appointment, if authorized.
For background purposes, in order to be eligible for State aid, a county or New York City must establish a local governmental unit, which is defined as an identifiable entity within the local government with responsibility for the provision of services for the mentally ill, the mentally retarded, developmentally disabled persons and those suffering from alcoholism, alcohol abuse, substance abuse or substance dependence. Mental Hygiene Law §§ 41.03(1), (3) and (4), 41.05(a). The services themselves may be provided by a local governmental unit, by a voluntary agency under a contract with a local governmental unit or may be provided through State facilities. Id., § 41.03(3), (4). Each local governmental unit has a community services board with responsibility for the above services and a director as its chief executive officer. Id., § 41.05(b), (c). Local governments with charters may vest policy making functions in the director but in the case of non-charter governments, the policy making functions vest in the board. Id., § 41.05(c).
Your concern is section 41.09 (a) of the Mental Hygiene Law, which provides as follows:
 (a) Charter governments may provide for appointment and removal of directors in a manner authorized by such governments. In all other local governments, the board shall appoint and remove the director.
Lewis County is a non-charter government and, therefore, would fall within the second sentence quoted above. In our view, this provision gives the board responsibility for appointment and removal of the director of mental hygiene but does not establish any particular mechanism or procedure for the appointment or removal. Thus, a community services board can, in our view, utilize this grant of authority to establish a term of office for the director and a procedure for removal of this officer.
In answer to your first question, State law provides that in non-charter counties the community services board is responsible for appointment and removal of the director of mental hygiene and provides the board with flexibility to determine the procedure which may include appointment of a director for a fixed term with a mechanism for removal. In that the statute requires the board to "appoint and remove" the director, in our view a procedure for removal must be established.
You have indicated that the current director has held the position for approximately 20 years and ask whether the board may impose a term of office upon an individual who is already serving as the director. In our view, the establishment of a term of office for the position would necessarily include a new appointment of an individual to occupy the office for that term subject to the revised conditions. There is no reason, however, if the current occupant of the position meets the requirements of law and of the State why he or she cannot be a candidate for appointment.
Finally, if the imposition of a specific term of office is permissible, you ask whether a resolution or local law of the Lewis County Board of Legislators is necessary to establish the term or whether action by the community services board is all that is required. Under the express conditions of the statute, the community services board is to appoint and remove the director. Implicit in this grant of authority is the responsibility of the board to determine the procedure for appointment and removal.
We conclude that the Lewis County Community Services Board may provide a fixed term of office for the director of mental hygiene.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
in Charge of Opinion